

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | EVE I. KLEIN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1065 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 202 7559 | LAS VEGAS |
| LOS ANGELES | E-MAIL: EIKlein@duanemorris.com | CHERRY HILL |
| BOSTON | | LAKE TAHOE |
| HOUSTON | www.duanemorris.com | MYANMAR |
| DALLAS | | |
| AUSTIN | | ALLIANCES IN MEXICO |
| HANOI | | AND SRI LANKA |
| HO CHI MINH CITY | | |

December 28, 2021

**VIA ECF**

Honorable Paul A. Crotty
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 735
New York, NY 10007

      Re:    **Collata Belgrove v. Gregory Roche Bronner and Nellie Anne Bronner
Civil Action No. 21-cv-09545 (PAC)**

Dear Judge Crotty:

      We represent Defendants Gregory Roche Bronner ("Mr. Bronner") and Nellie Anne Bronner ("Mrs. Bronner") (collectively, the "Bronners") in the above-referenced case alleging sexual harassment by Mr. Bronner against Plaintiff, Collata Belgrove ("Plaintiff"). We write to request a pre-motion conference in connection with a Motion to Strike certain allegations in the Complaint that have no bearing on the subject matter of the litigation, and are clearly included solely to prejudice and embarrass the Bronners, and their respective parents. We advised Plaintiff's counsel of our intent to file this motion, and asked him to meet and confer. Rather than confer, he sent the improper pleading to your Honor as a "courtesy".

      Plaintiff, the Bronners' former nanny, who resigned her employment after an 8-month stint, brought this action alleging that Mr. Bronner had subjected her to sexual harassment after having been denied unemployment insurance benefits. The 36-page Complaint, replete with allegations

DUANE MORRIS LLP

1540 BROADWAY    NEW YORK, NY 10036-4086        PHONE: +1 212 692 1000   FAX: +1 212 692 1020

Honorable Paul A. Crotty
Page 2

DuaneMorris

the Bronners vehemently deny, contains several allegations, specifically identified below, that are impertinent, immaterial, personal identifiers and/or seek to unnecessarily impugn the character of individuals not related to the action. *See Anderson v. Davis Polk & Wardwell, LLP*, 850 F. Supp. 2d 392, 2012 U.S. Dist. LEXIS 30762, 2012 WL 734120 (S.D.N.Y. 2012).

If permitted, the Bronners will make the Motion to Strike under Fed. R. Civ. P 12(f), seeking to strike the following specific allegations in the Complaint:

- Paragraphs 8 and 11, which state Mr. and Mrs. Bronner, as Chartered Financial Analysts, are required to report the filing of this action against them to the CFA Institute. Plaintiff further alleges that a failure to do so would be an actionable violation of the CFA Institute's Code of Ethics and Standards of Professional Conduct. In fact, only securities-related litigation must be reported. This veiled threat to report such a violation is clearly included solely to obtain an unfair advantage in the instant civil case.

- The portions of Paragraph 7 and 10 that refer to the Bronners' parents, and detail the Bronners' education and employment history. Plaintiff does not allege that the Bronners' parents were involved in any of the actions detailed in the Complaint, yet includes descriptions of their residence, professional backgrounds and personal relationships, clearly with the intent to embarrass and prejudice the Bronners and their parents. This inclusion flouts the SDNY ECF Rules, which deem education and employment history to be sensitive.

- Paragraph 90 detailing an alleged personal conversation between Mr. Bronner and Plaintiff. Mr. Bronner denies that this conversation ever took place. However, if it

Honorable Paul A. Crotty
Page 3

DuaneMorris

- did, such a personal conversation bears no relevance to this case, and is clearly included to humiliate Mr. Bronner and his parents.

- The portions of Paragraphs 6, 9, 13, 49-56 that identify the Bronners' home address, the month the Bronners' son was born, as well as Exhibits A, B and D. The Bronners' home address, in conjunction with their pictures and a picture of the facade of their home, are all personal identifiers. The inclusion of such personal identifiers is clearly designed to embarrass the Bronners by subjecting their personal information to public scrutiny. Further, pursuant to Section 21.3 of the SDNY ECF Rules, dates of birth should only include the year.

The aforementioned allegations are the exact type of allegations that courts have stricken as immaterial and scandalous. *See e.g., Arias-Zeballos v. Tan*, 2006 U.S. Dist. LEXIS 78884, 2006 WL 3075528 (S.D.N.Y. 2006) (striking allegations regarding defendant's personal affairs as they had no conceivable relationship to the merits of the claims asserted); *see also Anderson v. Davis Polk & Wardwell, LLP*, 850 F. Supp. 2d 392, 2012 U.S. Dist. LEXIS 30762, 2012 WL 734120 (S.D.N.Y. 2012) (striking as immaterial and scandalous various allegations in plaintiff's complaint that referred to personal matters of third parties finding them to be so tangential to plaintiff's claims that evidence supporting them would not be admissible).

For the foregoing reasons, the Bronners respectfully request a pre-motion conference in connection with their Motion to Strike.

Respectfully,
*s/ Eve I. Klein*
Eve I. Klein