

| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | EVE I. KLEIN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1065 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 202 7559 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* EIKlein@duanemorris.com | CHERRY HILL |
| BOSTON | | LAKE TAHOE |
| HOUSTON | *www.duanemorris.com* | MYANMAR |
| DALLAS | | |
| AUSTIN | | ALLIANCES IN MEXICO |
| HANOI | | AND SRI LANKA |
| HO CHI MINH CITY | | |

January 26, 2022

<u>**VIA ECF**</u>

Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    <u>**Collata Belgrove v. Gregory Roche Bronner and Nellie Anne Bronner Civil Action No. 21-cv-09545 (DLC)**</u>

Dear Judge Cote:

    On behalf of the Bronners, we oppose the request of Andrew Dwyer ("Dwyer") for a HIPAA release to obtain the Bronners' child's medical records. This application is frivolous. We also seek an order striking specified remaining personal and irrelevant details from the Amended Complaint.

    Dwyer claims he needs the child's medical records because an allegation in the Counterclaim referenced he was sick following Plaintiff's resignation. Dwyer raises this "discovery dispute" with your Honor despite the fact that we clarified *several times* following the conference held on January 20, 2022, both in email to Dwyer and during a telephonic meet and confer, that the Bronners are not seeking damages "because their child was sick" and that our Counterclaim would be amended to address that fact. We explained the Bronners' Counterclaim is a straightforward breach of contract claim seeking damages for additional childcare costs and

lost wages resulting from Plaintiff's failure to provide the contractually required advance notice of resignation. Whether the child was sick during this period is irrelevant to the damages incurred.

Dwyer also misrepresents the circumstances of the January 21, 2022 meet and confer. During the conference, Your Honor addressed the basis for our motion to strike, ruled on the specific allegations raised in our pre-motion conference letters and directed counsel to meet and confer on any outstanding issues relative to the Complaint. Thereafter, we sent Dwyer correspondence outlining examples of personal information irrelevant to Plaintiff's claims that should be stricken. In e-mail, Dwyer agreed only agreed to remove the Bronners' address and said there was no need to meet and confer on the other topics.  Ironically, Dwyer then asked us to meet and confer regarding his new requests that we remove personal information regarding Plaintiff from the Counterclaim, agree to seal the Answer and execute a HIPAA release for the child's medical records.  On the call, we again told Dwyer the Amended Counterclaim would make clear damages are not based on the child's health and would eliminate certain references he objected to. We also consented to seal the original pleading.  Despite all this, Dwyer filed this application.

Dwyer then proceeded to file an Amended Complaint removing only the allegations specifically ordered and two details about the Bronners' home layout. He failed to remove the remaining personal information about the Bronners' educational background and home layout (¶¶7, 10, 53-56) and misrepresented CFA professional reporting requirements (¶ ¶8,11); and now seeks *irrelevant personal medical information about the Bronners' child.*  Dwyer's application should be denied and the remaining personal information stricken from the Amended Complaint.

Respectfully,

*s/ Eve I. Klein*
Eve I. Klein