# THE DWYER LAW FIRM, L.L.C.

550 BROAD STREET, SUITE 704
NEWARK, NEW JERSEY 07102

ANDREW DWYER*

*ALSO ADMITTED IN NEW YORK

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

SOUTHERN NEW JERSEY OFFICE
129 S. MAIN STREET
PLEASANTVILLE, NEW JERSEY 08232
(609) 277-7684
FAX (609) 867-6820

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

PLEASE REPLY TO NEWARK OFFICE

"LAWYERS WORKING FOR WORKING PEOPLE"™

January 24, 2022

**VIA ECF**

Hon. Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1910
New York, New York 10007

Re:  **Collata Belgrove v. Gregory Bronner and Nellie Bronner**
      **Civil Action No. 21-cv-09545 (DLC) (SDA)**

Dear Judge Cote:

This office represents the plaintiff in the above-referenced case. I am asking for an informal conference to discuss a discovery dispute, specifically, whether defendants will execute a HIPPA release to allow plaintiff to obtain records related to defendants' counterclaims.

I attempted without success to resolve this issue with defense counsel. I emailed them the HIPPA release on January 20, 2022. On January 21st, defense counsel advised me by email they would not sign the HIPPA release. We then had a telephonic "meet and confer" to discuss this and other issues (we actually had two "meet and confers" on January 21st). The discussions were unsuccessful at resolving this issue, and defendants continued to maintain they would not provide any executed HIPPA release.

Defendants' Counterclaim seeks damages because allegedly plaintiff quit her job with defendants without giving 30 days' notice (plaintiff alleges she quit

Hon. Denise L. Cote, U.S.D.J.
January 24, 2022
Page 2 of 2

her job because she was being sexually harassed). Defendants' Counterclaim alleges defendants "were forced to shuttle between various relatives' house, and to place their child with whatever childcare was available. During this time, their child was sickened several times. [Defendant] Nellie [Bronner] took additional vacation time from work." Counterclaim, ¶ 29. Defendants seek "special and consequential damages." Counterclaim, ¶ 30. During the initial pretrial conference, defense counsel reiterated that the defendants' child was sick, which allegedly forced defendant Nellie Bronner to take time off from work, causing economic damages. Defense counsel was unsure whether this would be limited to the 30 day period after plaintiff's employment.

Plaintiff is not seeking records for the child's entire life. We're merely seeking records regarding the period where defendants claim they suffered economic damages because, in part, their child was sick. The records (and equally important, the absence of any such records) may be relevant to defendants' damages claims. Defendants should not be permitted to claim damages, while denying plaintiff discovery that would test these claims.

For these reasons, we are seeking an informal conference to discuss this issue at greater length. Thank you for Your Honor's courtesies.

Respectfully submitted,

THE DWYER LAW FIRM, L.L.C.

/s/ *Andrew Dwyer*

Andrew Dwyer

Cc: Eve Klein (via ECF)
Katelynn Gray (via ECF)
William Bronner (via ECF)

*The request for a HIPPA release for medical records of the defendants' child is denied!*

*Denise Cote*
1/27/22