**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
COLLATA BELGROVE,

                          Plaintiff,

          v.                                                                    Civil Action No. 1:21-cv-09545-DLC

GREGORY ROCHE BRONNER and                              **DEFENDANTS' ANSWER TO THE**
NELLIE ANNE BRONNER nee                                     **AMENDED COMPLAINT**
BARNES,

                          Defendants.
---------------------------------------------------------------x

          Defendants, Gregory Roche Bronner ("Gregory") and Nellie Anne Bronner, named herein

as Nellie Anne Bronner nee Barnes ("Nellie") (collectively "Defendants"), by and through their

counsel, Duane Morris LLP and William R. Bronner, answer the Amended Complaint dated

January 21, 2022 (the "Amended Complaint") as follows:

**I.     PRELIMINARY STATEMENT**

          1.     Defendants deny the validity of the claims set forth herein but admit Plaintiff has

asserted such claims against Defendants, as stated in Paragraph 1 of the Amended Complaint.

          2.     Defendants deny the allegations in Paragraph 2 of the Amended Complaint, except

admit Plaintiff worked as a nanny for Defendants from August, 2020 until April, 2021.

**II.    JURISDICTION AND VENUE**

          3.     Paragraph 3 of the Amended Complaint states legal conclusions to which no

response is required.  To the extent that any response is required, Defendants deny the allegations

in Paragraph 3, except admit Defendants are both citizens of the State of New York.

          4.     Paragraph 4 of the Amended Complaint states legal conclusions to which no

response is required.  To the extent that any response is required, Defendants deny the allegations

in Paragraph 4, except admit Defendants both reside in New York.

### III.   PARTIES

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint, except deny the allegation that Plaintiff was subjected to sexual harassment by Defendants.

6.      Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations in Paragraph 7 of the Amended Complaint, except admit Gregory attended and graduated from Saint Ann's School and Princeton University, and that he worked at various times for the referenced companies.  Exhibit A speaks for itself and no response is required.  Defendants further aver these allegations are wholly immaterial to any claim asserted therein, and are inserted solely to cause prejudice to the Defendants.

8.      Defendants deny the allegations in Paragraph 8 of the Amended Complaint, except admit Gregory holds a renewable charter as a Chartered Financial Analyst issued by the CFA Institute.

9.      Defendants admit the allegations in Paragraph 9 of the Amended Complaint.

10.      Defendants deny the allegations in Paragraph 10 of the Amended Complaint, except admit Nellie attended and graduated from the Pingry School and Princeton University, and that she previously worked for Goldman Sachs Group, Inc.  Exhibit B speaks for itself and no response is required.  Defendants further aver these allegations are wholly immaterial to any claim asserted therein, and are inserted solely to cause prejudice to the Defendants.

11.      Defendants deny the allegations in Paragraph 11 of the Amended Complaint, except admit Nellie holds a charter as a Chartered Financial Analyst issued by the CFA Institute.

### IV.   FACTUAL ALLEGATIONS

12.      Defendants admit the allegations in Paragraph 12 of the Amended Complaint.

2

13.     Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations in Paragraph 14 of the Amended Complaint, except admit that Nellie initially interviewed Plaintiff via telephone and then Nellie and Gregory interviewed Plaintiff in person.

15.     Defendants deny the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendants admit they formed an intent to hire Plaintiff as their full-time nanny in late July, 2020.

17.     Defendants deny the allegations in Paragraph 17 of the Amended Complaint, except admit that Nellie arranged to meet with Plaintiff at Defendants' residence on August 3, 2020.

18.     Defendants deny the allegations in Paragraph 18 of the Amended Complaint, except admit that on July 27, 2020, Nellie emailed paperwork for Plaintiff to review.

19.     Defendants deny the allegations in Paragraph 19 of the Amended Complaint, except admit that Nellie sent Plaintiff a document titled "Nanny Work Agreement."

20.     Defendants deny the allegations in Paragraph 20 of the Amended Complaint, except admit Plaintiff met with Nellie at Defendants' residence on August 3, 2020.

21.     Defendants deny the allegations in Paragraph 21 of the Amended Complaint, except admit Plaintiff and Nellie executed a document titled "Nanny Work Agreement" on August 3, 2020 and that such document is attached as Exhibit C to the Complaint.

22.     Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 22 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 22 of the Amended Complaint are factual in nature those allegations are denied.

DM2\15195519.1

23.     Paragraph 23 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 23.

24.     Paragraph 24 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 24.

25.     Paragraph 25 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 25.

26.     Paragraph 26 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 26.

27.     Exhibit C, being in writing, speaks for itself. To the extent that that the allegations in Paragraph 27 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 27 of the Amended Complaint are factual in nature those allegations are denied.

28.     Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 28 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 28 of the Amended Complaint are factual in nature those allegations are denied.

29.     Defendants deny the allegations in Paragraph 29 of the Amended Complaint, except admit Nellie advised Plaintiff was expected to be available to commence work at 7:00 AM, Monday through Friday.

30.      Defendants deny the allegations in Paragraph 30 of the Amended Complaint, except admit Nellie advised Plaintiff she was expected to live on-premises Monday through Friday.

31.      Defendants deny the allegations in Paragraph 31 of the Amended Complaint, except admit Plaintiff was expected to live on-premises Monday through Friday and that she was expected to be available to commence work at 7:00 A.M. each day.

32.      Defendants deny the allegations in Paragraph 32 of the Amended Complaint, except admit that consistent with the contract Plaintiff was provided a private room for her sole use and that such room was on the third floor of Defendants' residence.

33.      Defendants deny the allegations in Paragraph 33 of the Amended Complaint, except admit that Plaintiff was made aware that Gregory regularly used a portion of the third floor of Defendants' residence as his office.

34.      Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35.      Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 35 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 35 of the Amended Complaint are factual in nature those allegations are denied.

36.      Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37.      Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 37 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 37 of the Amended Complaint are factual in nature those allegations are denied.

5

38.     Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 38 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 38 of the Complaint are factual in nature those allegations are denied.

39.     Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 39 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 39 of the Complaint are factual in nature those allegations are denied.

40.     Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 40 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 40 of the Amended Complaint are factual in nature those allegations are denied.

41.     Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 41 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 41 of the Complaint are factual in nature those allegations are denied.

42.     Paragraph 42 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 42.

43.     Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 43 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 43 of the Amended Complaint are factual in nature those allegations are denied.

DM2\15195519.1

44.     Defendants deny the allegations in Paragraph 44 of the Amended Complaint, except admit that they had baby monitors in their child's bedroom.

45.     Exhibit C, being in writing, speaks for itself. To the extent that the allegations in Paragraph 45 of the Amended Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 45 of the Amended Complaint are factual in nature those allegations are denied.

46.     Paragraph 46 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 46.

47.     Paragraph 47 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 47.

48.     Exhibit C, being in writing, speaks for itself.  Defendants further deny the allegations in Paragraph 48 of the Amended Complaint, except admit Plaintiff began working as Defendants full-time nanny on August 24, 2020.

49.     Defendants admit the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants admit the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendants admit the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Amended Complaint, except admit that during some part of the period of Plaintiff's employment, an apartment on the fourth floor of 149 W. 136th Street was rented to a male tenant.

54.     Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

7

55.     Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint, except admit that Nellie intermittently worked for her employer while physically located in her bedroom.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Amended Complaint, except admit that Plaintiff was allowed to utilize the kitchen.

59.     Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Amended Complaint, except admit that the office contained a chair, desk, and bookcase.

64.     Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Amended Complaint, except admit that Plaintiff was expected to be available to commence work at 7:00 A.M. and that her job was to care for Defendants' child.

67.     Defendants admit the allegations in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Amended Complaint, except admit that Plaintiff fed Defendants' child during the work day.

69.     Defendants deny the allegations in Paragraph 69 of the Amended Complaint.

70.     Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 70 of the Amended Complaint.

DM2\15195519.1

71.     Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 71 of the Amended Complaint.

72.     Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Amended Complaint, except admit that Gregory used the third floor bathroom.

79.     Defendants deny the allegations in Paragraph 79 of the Amended Complaint, except admit that Gregory kept a toothbrush in the third-floor bathroom.

80.     Defendants deny the allegations in Paragraph 80 of the Amended Complaint, except admit that Gregory used the third floor bathroom.

81.     Defendants deny the allegations in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Amended Complaint.

83.     Defendants deny knowledge or information sufficient to form a belief regarding the allegations in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Amended Complaint, except admit Plaintiff complained about Gregory being in the third floor apartment at night.

85.     Defendants deny the allegations in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Amended Complaint.

9

87.     Defendants deny the allegations in Paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Amended Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Amended Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Amended Complaint.

94.     Paragraph 94 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations in Paragraph 97 of the Amended Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Amended Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Amended Complaint.

100.     Defendants deny the allegations in Paragraph 100 of the Amended Complaint.

101.     Defendants deny the allegations in Paragraph 101 of the Amended Complaint.

102.     Defendants deny the allegations in Paragraph 102 of the Amended Complaint.

103.     Defendants deny the allegations in Paragraph 103 of the Amended Complaint.

104.     Defendants deny the allegations in Paragraph 104 of the Amended Complaint.

105.     Defendants deny the allegations in Paragraph 105 of the Amended Complaint.

106.     Defendants deny the allegations in Paragraph 106 of the Amended Complaint.

107.     Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

DM2\15195519.1

108.    Defendants deny the allegations in Paragraph 108 of the Amended Complaint.

109.    Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Amended Complaint.

112.    Defendants deny the allegations in Paragraph 112 of the Amended Complaint.

113.    Defendants deny the allegations in Paragraph 113 of the Amended Complaint.

114.    Defendants deny the allegations in Paragraph 114 of the Amended Complaint.

115.    Defendants deny the allegations in Paragraph 115 of the Amended Complaint.

116.    Defendants deny the allegations in Paragraph 116 of the Amended Complaint.

117.    Defendants deny the allegations in Paragraph 117 of the Amended Complaint.

118.    Defendants deny the allegations in Paragraph 118 of the Amended Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

120.    Defendants deny the allegations in Paragraph 120 of the Amended Complaint.

121.    Defendants deny the allegations in Paragraph 121 of the Amended Complaint.

122.    Defendants deny the allegations in Paragraph 122 of the Amended Complaint.

123.    Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

124.    Defendants deny the allegations in Paragraph 124 of the Amended Complaint.

125.    Defendants deny the allegations in Paragraph 125 of the Amended Complaint.

126.    Defendants deny the allegations in Paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations in Paragraph 128 of the Amended Complaint.

129.    Defendants deny the allegations in Paragraph 129 of the Amended Complaint.

130.    Defendants deny the allegations in Paragraph 130 of the Amended Complaint.

DM2\15195519.1

131.    Defendants deny the allegations in Paragraph 131 of the Amended Complaint.

132.    Defendants deny the allegations in Paragraph 132 of the Amended Complaint.

133.    Defendants deny the allegations in Paragraph 133 of the Amended Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Amended Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the Amended Complaint.

136.    Defendants deny the allegations in Paragraph 136 of the Amended Complaint.

137.    Defendants deny the allegations in Paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations in Paragraph 138 of the Amended Complaint.

139.    Defendants deny the allegations in Paragraph 139 of the Amended Complaint, except admit that Plaintiff quit.

140.    Defendants admit the allegations in Paragraph 140 of the Amended Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Amended Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Amended Complaint, except admit that Plaintiff voluntarily terminated her employment with Defendants on April 20, 2021.

143.    Defendants deny the allegations in Paragraph 143 of the Amended Complaint.

144.    Defendants deny the allegations in Paragraph 144 of the Amended Complaint, except admit Plaintiff advised Gregory she was quitting and asked him to tell Nellie.

145.    Defendants admit the allegations in Paragraph 145 of the Amended Complaint.

146.    Defendants deny the allegations in Paragraph 146 of the Amended Complaint, except admit that Gregory, Nellie, and Plaintiff had a discussion on the evening of April 20, 2021, regarding Plaintiff's decision to quit.

147.    Defendants deny the allegations in Paragraph 147 of the Amended Complaint.

148.    Defendants deny the allegations in Paragraph 148 of the Amended Complaint.

149.    Defendants deny the allegations in Paragraph 149 of the Amended Complaint.

150.    Defendants deny the allegations in Paragraph 150 of the Amended Complaint.

151.    Defendants deny the allegations in Paragraph 151 of the Amended Complaint.

152.    Defendants deny the allegations in Paragraph 152 of the Amended Complaint, except admit that Nellie advised Plaintiff of her contractual obligations requiring advance notice of termination.

153.    Defendants deny the allegations in Paragraph 153 of the Amended Complaint, except admit that Plaintiff agreed to work through April 23, 2021.

154.    Defendants deny the allegations in Paragraph 154 of the Amended Complaint.

155.    Defendants deny the allegations in Paragraph 155 of the Amended Complaint.

156.    Paragraph 156 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 156.

157.    Paragraph 157 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 159.

DM2\15195519.1

160.     Paragraph 160 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 160.

161.     Paragraph 161 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 161.

162.     Paragraph 162 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 162.

163.     Defendants deny the allegations in Paragraph 163 of the Amended Complaint.

164.     Paragraph 164 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 164.

165.     Paragraph 165 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 165.

166.     Paragraph 166 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 166.

167.     Paragraph 167 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 167.

DM2\15195519.1

168.    Paragraph 168 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 168.

169.    Paragraph 169 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 169.

170.    Paragraph 170 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 170.

171.    Paragraph 171 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 171.

172.    Paragraph 172 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 172.

173.    Paragraph 173 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 173.

174.    Paragraph 174 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 174.

DM2\15195519.1

175.     Paragraph 175 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 175.

176.     Defendants deny the allegations in Paragraph 176 of the Amended Complaint.

177.     Defendants deny the allegations in Paragraph 177 of the Amended Complaint.

178.     Defendants deny the allegations in Paragraph 178 of the Amended Complaint.

179.     Defendants deny the allegations in Paragraph 179 of the Amended Complaint.

180.     Defendants deny the allegations in Paragraph 180 of the Amended Complaint.

181.     Defendants deny the allegations in Paragraph 181 of the Amended Complaint.

182.     Paragraph 182 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 182.

183.     Paragraph 183 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 183.

184.     Defendants deny the allegations in Paragraph 184 of the Amended Complaint and deny Plaintiff suffered any loss.

185.     Defendants deny the allegations in Paragraph 185 of the Amended Complaint and deny Plaintiff suffered any loss.

186.     Defendants deny the allegations in Paragraph 186 of the Amended Complaint.

187.     Defendants deny the allegations in Paragraph 187 of the Amended Complaint.

188.     Defendants deny the allegations in Paragraph 188 of the Amended Complaint.

189.     Defendants deny the allegations in Paragraph 189 of the Amended Complaint.

DM2\15195519.1

190.    Defendants deny the allegations in Paragraph 190 of the Amended Complaint.

191.    Defendants deny the allegations in Paragraph 191 of the Amended Complaint.

192.    Defendants deny the allegations in Paragraph 192 of the Amended Complaint.

193.    Defendants deny the allegations in Paragraph 193 of the Amended Complaint.

## V.      CONDITIONS PRECEDENT

194.    Paragraph 194 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 194.

195.    Paragraph 195 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 195.

196.    Defendants deny the allegations in Paragraph 196 of the Amended Complaint regarding Plaintiff's prior commencement of any action, since Plaintiff raised similar issues at the New Jersey Unemployment Tribunal and was denied unemployment compensation. Defendants deny knowledge or information sufficient, to form a belief regarding the truth of the remaining allegations of Paragraph 196 of the Amended Complaint.

### FIRST CAUSE OF ACTION

197.    Paragraph 197 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 197 and deny having committed any violation of statute or regulation.

DM2\15195519.1

## SECOND CAUSE OF ACTION

198.     Paragraph 198 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 198 and deny having committed any violation of statute or regulation.

## THIRD CAUSE OF ACTION

199.     Paragraph 199 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations in Paragraph 199 and deny having committed any violation of statute or regulation.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

Defendants deny that Plaintiff is entitled to any damages or relief sought in her Prayer for Relief, including but not limited to any damages, injunctive relief, remedies, fees or costs. Plaintiff's demand for a jury trial speaks for itself and therefore no response from Defendants is required.

## AFFIRMATIVE DEFENSES

1.     The Amended Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

3.     Plaintiff lacks standing to bring the claims set forth in the Amended Complaint.

4.     Defendants have meaningful responsive procedures for investigating complaints of discrimination, harassment and retaliation and Plaintiff failed to raise any such complaints.

5.     Any improper actions allegedly committed by Defendants, all of which are specifically denied, at best constituted a petty slight or trivial inconvenience.

6.     Plaintiff was not subject to severe or pervasive conduct.

18

7.     Plaintiff voluntarily resigned and no reasonable person in Plaintiff's position would feel compelled to do so as a result of any actions taken by Defendants.

8.     Any actions taken by Defendants in connection with Plaintiff were taken without regard to, and regardless of, her gender.

9.     Plaintiff has suffered no damages as a result of Defendants' alleged conduct.

10.    Plaintiff failed to mitigate her damages.

11.    Defendants are entitled to setoff for all amounts Plaintiff has earned in mitigation of her claim for damages which could have been earned in the reasonable exercise of diligence to mitigate her claimed damages.

12.    Plaintiff's Amended Complaint is barred, in whole or in part, because Defendants have breached no obligations or duties owed to Plaintiff.

13.    Plaintiff's Amended Complaint is barred, in whole or in part, because Plaintiff breached the terms of the contract between the parties.

14.    Plaintiff's claims are barred by or her damages are reduced by the doctrine of after-acquired evidence.

15.    Defendants at all relevant times acted in good faith.

16.    Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

17.    Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

18.    Plaintiff's claims are barred, in whole or in part, by the defense of waiver.

Defendants reserve the right to add to, delete, or modify their affirmative defenses based on facts and/or legal theories that may be disclosed through clarification of Plaintiff's claims, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully demand judgment dismissing the Amended Complaint with prejudice. Defendants further respectfully request the Court award to Defendants such other and further relief as the Court deems just and equitable, including without limitation its attorneys' fees, costs and disbursements incurred as and if allowed by law.

Dated: New York, New York
February 3, 2022

**Duane Morris LLP**

By: */s/ Eve I. Klein*
Eve I. Klein
Katelynn M. Gray
1540 Broadway
New York, NY 10036
Telephone: (212) 692-1065
Email: EIKlein@duanemorris.com
*Attorneys for Defendants*

WILLIAM R. BRONNER
Attorney At Law
294 Vanderbilt Avenue
Brooklyn, NY 11205
Tel: 914 282 5157 (mobile)
Fax: 718 789 1525
Email: wrbronner@gmail.com
*Co-Counsel for Defendants*

To: Andrew William Dwyer
The Dwyer Law Firm, L.L.C.
550 Broad Street, Suite 704
Newark, NJ 07102
Telephone: (973) 242-3636
Facsimile: (973) 242-3399
Email: andy@thedwyerlawfirm.com
*Attorneys for the Plaintiff*