NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY

# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

EVE I. KLEIN
DIRECT DIAL: +1 212 692 1065
PERSONAL FAX: +1 212 202 7559
E-MAIL: EIKlein@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

February 22, 2022

**VIA ECF**

Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:  **Collata Belgrove v. Gregory Roche Bronner and Nellie Anne Bronner**
> **Civil Action No. 21-cv-09545 (DLC)**

Dear Judge Cote:

      We write to seek an order excusing Defendants from responding to 252 Requests for Admissions ("RFAs") (attached), served by Plaintiff's counsel, Andrew Dwyer ("Dwyer). The sheer volume of RFAs is entirely disproportionate to the needs of a single plaintiff harassment case and their service at the commencement of discovery is inappropriate and clearly an effort by Dwyer to end-run the interrogatory restrictions. We met and conferred with Dwyer explaining the above points, but Dwyer demanded we discuss each RFA and explain why objectionable, which exercise would, in and of itself, have been unduly burdensome. In short, by service of these RFAs, Dwyer continues his pattern of harassment, to increase litigation costs in an effort to extort a settlement.

      RFAs are designed to narrow issues for trial and are best used at the close of discovery, not at the beginning or as a way to end-run the interrogatory restrictions. *See* Wright & Miller, § 2252 Purpose and Construction of Rule, 8B Fed. Prac. & Proc. Civ. § 2252 (3d ed.). "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party

DuaneMorris

Honorable Denise L. Cote
February 22, 2022
Page 2

proceeding under it knows the facts or has the document and merely wishes the opponent to concede their genuineness." Wright & Miller, § 95 Requests for Admissions, 20 Fed. Prac. & Proc. Deskbook § 95 (2d ed.). RFAs should not seek: (1) information regarding the fundamental disagreement at the heart of a lawsuit; (2) information regarding irrelevant background facts, or (3) admissions of legal issues. The RFA's propounded by Dwyer do all of these things.

For example, Dwyer propounds RFAs about the setup of the Bronners' home, despite having demanded a premises inspection, evidencing he doesn't know the facts about it. Dwyer also includes many irrelevant RFAs, including about the withdrawn counterclaim, as well as requests for legal admissions and RFAs requiring qualification and/or explanation, rather than a simple admit or deny. All of these issues are more appropriately addressed through deposition and document discovery. *See e.g., Carver v. Bank of N.Y. Mellon,* No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400 (S.D.N.Y. Sep. 25, 2018) (citations omitted).

The ultimate goal of RFAs is expediency - they are not a tool to be used to harass the other side. *See River Light V, L.P. v. Lin & J Int'l, Inc.,* 299 F.R.D. 61, 63 (S.D.N.Y. 2014) (citations omitted). In instances such as this, where RFAs are voluminous and cannot be denied or admitted without explanation or qualification, a court may excuse a party from responding. *See Republic of Turk. v. Christie's, Inc.,* 326 F.R.D. 394, 399 (S.D.N.Y. 2018); *See also Tamas v. Family Video Movie Club, Inc.,* 301 F.R.D. 346 (N.D. Ill. 2014). The Bronners will respond to a reasonable number of RFAs that seek the truth of facts actually known at the appropriate time, but respectfully request they be excused from responding to the 252 RFAs currently before them.

*The plaintiff may serve 20 RFAs.*
/s/ Denise Cote
2/22/22

Respectfully,

Eve I. Klein

Enclosures