

| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | EVE I. KLEIN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1065 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 202 7559 | LAS VEGAS |
| LOS ANGELES | E-MAIL: EIKlein@duanemorris.com | CHERRY HILL |
| BOSTON | | LAKE TAHOE |
| HOUSTON | www.duanemorris.com | MYANMAR |
| DALLAS | | |
| AUSTIN | | ALLIANCES IN MEXICO |
| HANOI | | AND SRI LANKA |
| HO CHI MINH CITY | | |

April 8, 2022

<u>VIA ECF</u>

Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: <u>Collata Belgrove v. Gregory Roche Bronner and Nellie Anne Bronner
      Civil Action No. 21-cv-09545 (DLC)</u>

Dear Judge Cote:

  On behalf of the Bronners, we oppose the motion to compel by Andrew Dwyer ("Dwyer") for privileged photographs of the third floors of the premises and irrelevant documents regarding compensation paid to individuals in non-comparable positions to that of the Plaintiff. This application reflects yet another instance of Dwyer wasting time and expense raising what should be non-issues with the Court.

  With respect to Dwyer's request for every photograph of the third floor of the premises that ever existed, we advised Dwyer during the meet and confer held on April 6, 2022, that the Bronners will produce all non-privileged documents in their control, specifically including floor plans attached to otherwise confidential property appraisals. In addition, had Dwyer given us even 24 hours following the meet and confer before seeking the Court's intervention, he would know that we identified and intend to produce several non-privileged photographs and one video tour of

Honorable Denise L. Cote
Page 2

DuaneMorris

the third floor our clients had in their possession. We also advised Dwyer several times, including at the January 20, 2022 Initial Conference, that we would grant him access to the Bronners' home for a premises inspection that he requested but did not pursue despite the impending depositions. In lieu of a premises inspection, we also offered to produce privileged photographs taken by the Bronners and counsel for purposes of this litigation, which do in fact reflect attorney strategy. Dwyer declined this offer and simply insisted he is entitled to all of our privileged work product, in addition to a premises inspection. We also told Dwyer that in the event we intend to utilize privileged work product during Plaintiff's deposition, we would share such documents prior to the deposition. Simply put, there is no bona fide dispute here and Dwyer's request for privileged work product should be denied.

Dwyer's request for documents reflecting compensation paid by the Bronners for their current childcare needs is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. We told Dwyer the Bronners do not currently have a live-in nanny, so any monies paid for childcare is not an appropriate comparison to the compensation previously paid to Plaintiff who lived in their home. It is nonsensical for him to claim he needs such information for purposes of calculating front pay, when he can and surely will rely on the generous compensation paid to his own client during the relevant time period.

We respectfully request Your Honor deny Dwyer's motion in its entirety.

Respectfully,

*s/ Eve I. Klein*
Eve I. Klein