# THE DWYER LAW FIRM, L.L.C.
### 550 BROAD STREET, SUITE 704
### NEWARK, NEW JERSEY 07102

| | | |
|---|---|---|
| **ANDREW DWYER*** | (973) 242-3636<br>FAX (973) 242-3399<br>www.thedwyerlawfirm.com | |
| *ALSO ADMITTED IN NEW YORK | SOUTHERN NEW JERSEY OFFICE<br>129 S. MAIN STREET<br>PLEASANTVILLE, NEW JERSEY 08232<br>(609) 277-7684<br>FAX (609) 867-6820 | PLEASE REPLY TO NEWARK OFFICE |

### "LAWYERS WORKING FOR WORKING PEOPLE"™

April 8, 2022

**VIA ECF**

Hon. Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1910
New York, New York 10007

    Re:   **Collata Belgrove v. Gregory Bronner and Nellie Bronner**
            **Civil Action No. 21-cv-09545 (DLC) (SDA)**

Dear Judge Cote:

    I am responding to the letter submitted by defense counsel regarding the discovery issues raised by our letter motion. Defense counsel makes several false statements about what was discussed during the "meet and confer" on Wednesday. I expected this (unfortunately), which is why I immediately emailed a letter to defense counsel after the call, recounting what was discussed and summarizing their position. Defense counsel never responded to nor disputed anything in that letter.

    In any case, the bottom line is: (a) all parties agree the layout of the third floor of the premises is highly relevant to the key disputed issues in the case; (b) plaintiff's deposition is scheduled for next Wednesday; (c) yet defendants have several photographs (and, we now know, a video) of the third floor which they have never produced, despite our specific document requests for these items; (d) defense counsel has improperly withheld the photos and video on grounds of "privilege" yet have

Hon. Denise L. Cote, U.S.D.J.
April 8, 2022
Page 2 of 2

provided no privilege log; (e) defense counsel says they will selectively produce some photos, but will withhold others, thus cherry picking which evidence they intend to provide in discovery; (f) defense counsel never explains how any of the photos could possibly be privileged; and (g) defense counsel offers no time frame for when the "limited edition" photos will be produced (plaintiff's document demands were served in mid-February).

Regarding discovery concerning compensation, defendants have a nanny who is performing the same functions plaintiff performed, but defendants refuse to say what that individual is being paid. Defendants should not be allowed to block consideration of what weight to give this evidence simply by insisting it cannot matter and refusing to disclose it.

Respectfully, plaintiff's letter motion to compel should be granted in its entirety. Thank you for Your Honor's courtesies.

Respectfully submitted,

THE DWYER LAW FIRM, L.L.C.

*/s/ Andrew Dwyer*

Andrew Dwyer

Cc: Eve Klein (via ECF)
Katelynn Gray (via ECF)
William Bronner (via ECF)

> The request for any photos is overbroad and burdensome. Plaintiff has elected not to conduct an inspection. Defendants shall produce those photographs/videos on which they intend to rely at trial. The plaintiff's request for the compensation paid to a person who does not "live in" is denied. Denise Cote 4/8/22